FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2016 OCT 11 PM 1:58
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| KENNEDY L. FORDHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 315-080 |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 21.) The Magistrate Judge rejected Plaintiff's arguments of alleged error by the Administrative Law Judge ("ALJ") and recommended affirming the administrative decision as supported by substantial evidence. Nothing in Plaintiff's objections convinces the Court to deviate from the Magistrate Judge's recommendation, but one objection warrants further comment.

Plaintiff objects the Magistrate Judge did not address his argument, raised in a footnote on page 12 of his brief and without any case law in support, that under 20 C.F.R. § 404.1519p, the ALJ should have re-contacted Dr. Long if he believed Dr. Long's report was inadequate or incomplete. (Doc. no. 14, p. 12 n.4) The regulation provides: "If the

report is inadequate or incomplete, we will contact the medical source who performed the consultative examination, give an explanation of our evidentiary needs, and ask that the medical source furnish the missing information or prepare a revised report." 20 C.F.R. § 404.1519p(b). The ALJ did not find there was anything inadequate or incomplete about Dr. Long's report, he simply analyzed the totality of the information in the report and the evidentiary record and concluded the IQ scores were invalid.

Plaintiff does not cite, and the Court is not aware, of any legal authority requiring an ALJ to re-contact a consultative examiner every time he or she discounts the ultimate conclusions in the report. To the contrary, "the regulations indicate that an ALJ can re-contact a consultative examiner if the report is inadequate or incomplete, not if the ALJ doubts the findings as Plaintiff asserts." Roberson v. Astrue, No. 1:11-CV-1786-LSC, 2012 WL 3848642, at *7 (N.D. Ala. Sept. 4, 2012) (citing Wilson v. Apfel, 179 F.3d 1276, 1278 (11th Cir. 1999) ("finding an ALJ was not obligated to seek additional medical evidence or seek independent expert medical testimony because the evidence in the record was sufficient to support a decision")). Here, as explained by the Magistrate Judge, the ALJ's decision demonstrates a thorough evaluation of the record containing sufficient information to determine Plaintiff was not disabled, and that decision is supported by substantial evidence. Thus, the Court **OVERRULES** this objection, and all others not specifically mentioned herein.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **AFFIRMS** the Acting Commissioner's final decision, **CLOSES** this

civil action, and **DIRECTS** the Clerk to enter final judgment in favor of the Acting Commissioner.

SO ORDERED this 11th day of October, 2016, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE